# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 18-CR-3053-CJW-MAR |
| vs. | **ORDER** |
| DAVID VOGELPOHL, | |
| Defendant. | |

## *I.     INTRODUCTION*

This matter is before the Court on defendant's motion to dismiss the indictment (Doc. 27) and defendant's motion for a bill of particulars (Doc. 26). The government timely resisted both motions. (Docs. 40 & 41). For the following reasons, defendant's motions are **denied**.

## *II.     RELEVANT BACKGROUND*

On November 28, 2018, a grand jury returned an Indictment charging defendant with sexual exploitation of a child, in violation of Title 18, United States Code Sections 2251(a) and (e). (Doc. 2). On January 14, 2019, defendant filed the motion to dismiss. Defendant argues that "[t]he indictment does not comply with the minimal requirements under the Fifth and Sixth Amendments to the U.S. Constitution, and is also deficient under the Federal Rules of Criminal Procedure." (Doc. 27). On the same day, defendant filed a motion seeking a bill of particulars. (Doc. 26). Defendant states that he has filed the motion for a bill of particulars "in case the motion to dismiss is denied, not as a means of curing the indictment." (*Id.*, at 1 n.1). The Court will therefore address the motion to dismiss first.

## III.  MOTION TO DISMISS

### A.  Standard of Review

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). A motion to dismiss an indictment for lack of specificity must be made before trial. FED. R. CRIM. P. 12(b)(3)(B)(iii). "The sufficiency of the indictment must be determined from the words of the indictment, and the Court is not free to consider evidence not appearing on the face of the indictment." *United States v. Birbragher*, 576 F. Supp. 2d 1000, 1005 (N.D. Iowa 2008) (quoting *United States v. Luros*, 243 F. Supp 160, 165 (N.D. Iowa 1965)).

### B.  Analysis

The Indictment states:

> Between in or about August 2018 and October 2018, in the Northern District of Iowa and elsewhere, the defendant, DAVID VOGELPOHL, persuaded, induced, and enticed, and attempted to persuade, induce, and entice, a minor under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, causing and attempting to cause said visual depictions to be produced using materials that had previously been shipped and transported in and affecting interstate and foreign commerce, knowing and having reason to know that said visual depictions would be transported and transmitted in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce, and said visual depictions were transported and transmitted in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce.

> This was in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

(Doc. 2). In the motion, defendant asserts that the Indictment is insufficiently specific such that it is "fatally defective under the Fifth and Sixth Amendments to the U.S. Constitution and Federal Rule of Criminal Procedure 7(c)." (Doc. 27-1, at 2). Defendant argues that the Indictment "cannot be fairly said to apprise him of the specific facts and circumstances so that he can prepare a defense in this case and defend against double jeopardy in the future." (*Id.*, at 5). Defendant argues that offenses charged under Section 2251 "must be charged with greater specificity" because the statute is "broadly worded." (*Id.*). Defendant also alleges the following specific deficiencies in the Indictment:

> The indictment does not identify the exact dates or locations of the alleged crime. The indictment does not mention a minor's name (even by initials), allege an age, does not describe with any additional information what the "sexually explicit conduct" and "producing" (as those terms have multi-part definitions under 18 U.S.C. § 2256) is alleged, and does not describe what means were used to "produce" the visual depictions that had traveled in interstate commerce, nor does it allege how those depictions were transported and transmitted in and affecting interstate commerce.

(*Id.*, at 2).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hamling*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). A court will "find an indictment insufficient only if an essential element of substance is omitted."

*United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (internal quotation marks omitted).

The Supreme Court has stated that "while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007). This Court, however, finds that, contrary to defendant's assertion, sexual exploitation of a child is not such a crime. The language in the Indictment, tracking the language of Section 2251, clearly sets forth the elements of the offense without any uncertainty or ambiguity. The statute itself provides specific definitions of its critical terms. *See* 18 U.S.C. § 2256. There are no terms that require more specific factual allegations in order to adequately inform defendant of the charges against him.

The clearest example of a statute that requires specific facts to be plead in an indictment is Title 2, United States Code Section 192, which makes it a crime for witnesses before Congress to refuse to answer questions pertinent to a question under inquiry. *See Russell v. United States*, 369 U.S. 749, 758 (1962). In *Russell*, the Supreme Court explained that a defendant must be apprised of what the subject of the inquiry was in order to mount any defense on the issue of pertinency because "the very core of criminality under [the statute] is pertinency to the subject under inquiry of the questions which the defendant refused to answer." *Id.* at 764. No defendant could prepare argument that a question was not pertinent to a Congressional inquiry without first knowing what the subject of that inquiry was. The Court held that specific facts must be pled "[w]here guilt depends so crucially upon such a specific identification of fact." *Id.* By contrast, Section 2251 creates no such factual questions that must be specifically answered before defendant could begin to formulate a defense.

Defendant cites *United States v. Hillie*, 227 F. Supp. 3d 57 (D.D.C. 2017) as an instance in which a "nearly identical" indictment was dismissed by a district court for

lack of specificity. (Doc. 27-1, at 6). Defendant significantly overstates the similarity between *Hillie* and this case. In *Hillie*, the defendant was charged with multiple counts of possession, production, and attempted production of child pornography, which were alleged to have occurred in various different but overlapping time frames. 227 F. Supp. 3d, at 62-64. The district court found that these multiple, overlapping time frames, combined with the lack of any specific factual allegations in the indictment, made it impossible for the defendant to be adequately apprised of the charges against him. *Id.* at 72-73. In this case, however, defendant is charged with only one count, alleged to have taken place some time during a three-month window. The ambiguity and potential for confusion that rendered the *Hillie* indictment fatally defective is absent in this case.

The Court also finds that the specific challenges defendant makes to the Indictment present no concern about its validity. First, defendant's argument that the Indictment must state "exact dates or locations of the alleged crime" (Doc. 27-1, at 2) is unavailing. "[T]he absence of a statement of the precise dates and locations of such acts does not necessarily render the indictment impermissibly vague." *United States v. Hallock*, 941 F.2d 36, 41 (1st Cir. 1991); *see also United States v. Flaharty*, 295 F.3d 182, 198 (2d Cir. 2002) (finding that an indictment that identified the federal district and a range of six years in which the crime took place was sufficient).

Defendant has not cited any authority for the proposition that failing to identity a victim in any way is fatal to an indictment. In *United States v. Baptiste*, 747 F.3d 186, 196 (3rd Cir. 2014), the Third Circuit Court of Appeals rejected such a challenge, concluding that it was sufficient for the indictment to include all of the elements of the offense and the dates of the offense. *See also United States v. Stringer*, 730 F.3d 120, 126-27 (2nd Cir. 2013) (holding the government must provide the victim's name at the defendant's request, but need not do so in the indictment); *United States v. Chappell*, 6 F.3d 1095, 1099 (5th Cir. 1993) (holding that an indictment was not defective for failing

5

to identify the victims of a fraud scheme even though the indictment could have been more carefully drafted); *United States v. Mizyed*, 927 F.2d 979, 981 (7th Cir. 1991) (holding that in prosecutions for mail fraud, "indictments which do not identify specific mail fraud victims by name [are sufficient]."). The identity of the victim is not an essential element of the offense in this case. It is common for the government to identify victims by initials to protect their identities and it is not clear why the government did not do so in this indictment. It certainly would have been better for the government to have referenced the victim by initials, but the Court cannot find that the failure to do so constitutes a fatal flaw.

The victim's age need not be pled in the indictment because age is not an instance "[w]here guilt depends so crucially upon such a specific identification of fact." *Russell*, 369 U.S. at 764. The relevant concern is whether the victim was a minor, i.e. under the age of 18, not what specific age less than 18 the victim was. Finally, defendant's argument that the Indictment must state the type of sexually explicit conduct alleged, the means of producing the visual depiction, and the means of interstate transport are misplaced. These factual issues are ones of evidentiary sufficiency, not the sufficiency of the Indictment. *See United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) ("To comply with Rule 7(c), an indictment need not provide the evidentiary details of the government's case."). Thus, the Court finds that the Indictment is not fatally defective and defendant's motion to dismiss is **denied**.

## IV. MOTION FOR A BILL OF PARTICULARS

Defendant's argument that the Court should order the government to produce a bill of particulars is largely the same as his argument that the Indictment is fatally defective. Defendant asserts that "the indictment is too broad and does not contain any facts constituting the offense." (Doc. 26, at 2). Defendant requests that the Court order the government to specify nine facts:

1) The specific date, and time of day, that the offense allegedly occurred,

2) The specific location at which the offense allegedly occurred. This request includes the street address and, if the offense allegedly occurred in a residence or other building, the specific room in which the government claims the incident took place,

3) Identify factually how [defendant] allegedly persuaded, induced, and enticed (and attempted the same) a minor to engage in sexually explicit conduct,

4) The basis for the allegation that [defendant] was involved in having a minor engage in sexually explicit conduct *for the purpose of producing* a visual depiction of such conduct,

5) Identify the type visual depictions (photo, video, etc?), and describe how any identified visual depiction portrays conduct that is "sexually explicit,"

6) The basis for the allegation that [defendant] "caused and attempted to cause said visual depictions to be produced using materials that had been shipped and transported in and affecting interstate commerce,"

7) How the [d]efendant "produced," as defined in 18 U.S.C. 2256(3), the visual depictions,

8) The materials that had been shipped and transported in and affecting interstate commerce,

9) The basis for the allegation that [defendant] produced or transmitted a visual depiction of a minor engaged in sexually explicit conduct *knowing and having reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or that the depiction would be transported or transmitted in or affecting interstate or foreign commerce*.

(*Id.*, at 3). Defendant cites no authority indicating that any of these specific facts must be alleged in an indictment, or that the Court should require the government to specify them upon defendant's request.

"A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial." *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010) (citation omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *see also Ross v. United States*, 374 F.2d 97, 103 (8th Cir. 1967) ("[T]he acquisition of evidentiary detail is not the function of a bill of particulars . . . ."). "[N]o bill of particulars is required when the defendant has access to the necessary detail about the charges to prepare a defense, for example, in the form of open file discovery or some other satisfactory form." *United States v. Johnson*, 225 F. Supp. 2d 982, 994 (N.D. Iowa 2002) (citation and internal quotation marks omitted). "A bill of particulars should not be compelled unless the Indictment inadequately informs Defendants of the nature of the charges against them." *United States v. Luminaire Envtl. & Techs., Inc.*, 358 F. Supp. 3d 829, 835 (D. Minn. 2018).

In this case, the Court found, *supra*, that the Indictment adequately informs defendant of the nature of the charges against him. As the information defendant requests is substantially the same as the information he alleges the Indictment lacked, the Court will deny the motion for the same reasons. Defendant has also entered into a Stipulated Discovery Order with the government (Doc. 11), which should provide him with all of the information he seeks. Defendant agreed in the discovery order to "attempt to resolve any disputes involving discovery . . . [with the government] before filing any discovery-related motions (including motions for bills of particulars) with the Court." (*Id.*, at 6). Defendant does not allege in the present motion that he has been unable to obtain the requested information from the government or that defendant attempted to resolve the issue with the government before filing his motion for a bill of particulars.

A bill of particulars is, therefore, unnecessary, and the motion is **denied**.

## V.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the Indictment (Doc. 27) is **denied** and defendant's motion for a bill of particulars (Doc. 26) is **denied**.

**IT IS SO ORDERED** this 23rd day of May, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa